**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Civil Case Number: _____

FILED BY _____ D.C.

JUN 02 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Hanoi, Hormachea
(Write the full name of the plaintiff)

vs.

Mark S. Inch, Centurion
Health Services of Florida Inc.,
Hardias Bhadja; William B.
Betz.
(Write the full name of the defendant/s in this case)

5-17-21

## COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

### I. Party Information

A. Plaintiff: Hanoi, Harmochea

Address: Desoto Annex

Inmate/Prison No.: M-56782

Year of Birth: _____ (Do **not** include day or month, pursuant to Fed. R. Civ. P 5.2)

(Write your name, address and prison/inmate number, if applicable)

vs.

B. Defendant: Mark S. Inch          Defendant: Centurion of Florida

Official Position: Sec. F.D.O.C.    Official Position: Private Medical Inc.

Place of Employment: Tallahassee, FL   Place of Employment: Dept. of Corr.

(Write the full name of each defendant, official position and place of employment. Attach a separate page if you need additional space for additional defendants.)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

      Defendant No. 3

| | |
|---|---|
| Name | HARADIAS, BHADJA |
| Job or Title *(if known)* | Chief Medical Officer At Okeechobee Corr. Inst |
| Shield Number | |
| Employer | CENTURION Health Care Services of Florida |
| Address | 3420 North-East 168th Street |
| | Okeechobee     Florida     34972-4824 |
| | *City*     *State*     *Zip Code* |

☐ Individual capacity    ☑ Official capacity

      Defendant No. 4

| | |
|---|---|
| Name | WILLIAM B. BENEZ |
| Job or Title *(if known)* | Radiologist |
| Shield Number | |
| Employer | Department of Corrections / Centurion Health Services |
| Address | Butler Reception Medical Center |
| | Lake Butler     Florida |
| | *City*     *State*     *Zip Code* |

☐ Individual capacity    ☑ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply):*

    ☐ Federal officials (a *Bivens* claim)

    ☑ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

The 8th and 14th Amendment Rights To Adequate Medical Treatment and The Be Free From injury To His Body and A Safe Environment

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

(1) Defendant MARK S. Inch, is The Secretary of Florida Dept. of Corrections and is responsible for care, custody, and control of each inmate within the department. (2) Centurion Health Services of Florida. Employs All of The 'Medical Staff by contract at Okeechobee Correctional Institution at All Times Material To This Complaint; (3), Defendant Haredoas Bhadja, Was Employed by Centurion at All Times Material To This Lawsuit W/certain Instructions.

III.  **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☑  Convicted and sentenced state prisoner

☐  Convicted and sentenced federal prisoner

☐  Other *(explain)*

IV.  **Statement of Claim**

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

'Please See Attached Statement

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

Okeechobee Correctional Institution. On July 11, 2019

①.                    STATEMENT OF FACTS AND CASE

On July 11, 2019 While Assigned To Okeechobee Correctional Instit-ution's Kitchen. Plaintiff Slipped and fell in a Puddle of water in the Dining Room area. As Secretary of The Department Defen-ndant MARK S. INCH, is officially and/or Directly Respon-sible for Plaintiff HORMACHEA, HANDI's, care custody and con-trol. Human Dignity And to Provide a Safe Environment to be Free From bodily Injury. His Failure to Provide a Safe Work place And to Hire Private Medical Services Via Contract Violated Plaintiff's 8th, And 14th Amendment Rights under The Land use and instatutionlized Persons Act RLUPIA of 1983.

As Secretary of The Department of Corrections Defendant Has The responsibility To Establish Effective Medical Staff by Hiring Effective Staff That Would Provide for Medical Services such as the Ones complained of Herein.

Plaintiff Made A Post complaint About His Arm And How He Felt That His Arm was Not growing Back Properly.

On July 12, 2019 Plaintiff's shoulder was in so Much Pain, He was Forced to File An Emergency Medical Request. (this was the 2nd Emergency Grievance Plaintiff Filed. Various Grievances Concerning Defendant Inch's Failure To Provide Medical Treat-Ment for Broken Left Shoulder. On July 15, 2019, I filed An additional Medical Grievance Regarding My Serious Medical Needs. Defendant Inch Should Have Known or could Have Known That NO Adequate Medical Assistance was Being Provided Me For My Broken Shoulder And Stood by As His Employees At Central Office Systematically Denied Plaintiff's Medical Grievances. And In Doing So Violated Plaintiff's eighth And Fourteenth Amendment Rights, by Not Providing A Safe Work-Place.

②. Defendant HARIDAS BHADJA, Called Plaintiff HORMACHEA HANDI, To His office And Prescribed Him (30) 600 mg. Ibruprofen Tablets For (90) Days And was Told by Defendant BHADJA That The Bruses On His Left shoulder was Just Ordinary Bruises. Defendant Told Plaintiff

Heard nothing from Plaintiff (sic) after Defendant BHADSA related to him (Plaintiff) that even "If he wanted to do something about the injury to and his broken Left arm He Would have to get permission from his Boss, "CENTURION" and he want about to place his Job on the line for me. However, for some reason unexplained, Defendant HARADSA Transferred Plaintiff to Butler Medical Center on October 10, 2019. On October 18, 2019, Plaintiff had an appointment with a (Dr. Winters) who conducted X-Rays and found that There was a broken bone in Plaintiff's Left shoulder and prescribed an injection for the pain and scheduled an Additional appointment in (4) Weeks.

The Diagnosis of Dr. Winters Vastly Differentiated From that of Defendant BHADSA's whose Deliberate acts Constitutes Cruel and Unusual Punishment and has Resulted in the unnatural growth of his Left Arm. In Violation of The 8th and 14th Amendments.

Plaintiff Kept filing sick Call Requests. Until Defendant finally relented and sent Plaintiff to The Bmc (Reception and Medical Center Resulting From a Medical grievance filed on November 4, 2019. #-1910-209-107.

On October 2, 2019, Plaintiff Was Examined at The Medical Reception center at Butler, Florida Hereinafter Because of The Continuing Pain in his Left Shoulder, and Plaintiff's Complaints While At Butler Medical Center It Was discovered On October 18, 2019 Dr. Winters conducted X-Rays Of Hormachea's Left Shoulder Dr. Winters concluded After Dr. Bhadia Concluded that There Was No Radiographic evidence Of Accute fracture. There are No gross lytic or blastic lesions in the Bones. There is No dislocation. There is An Old Fracture in The Proximal Right humerus.

The Record Shows That During All Of The Times material To This Lawsuit That Defendant "Never Made any examinations or ordered in as much as an X-Ray conducted to Plaintiff's Left Shoulder As evidenced by The Radiology Report Submitted by Defendant HARIDAS, on July 29, 2019. Dr. Winters At Butler Medical center Concluded

That There Was A Broken Bone in Hormachea's Left Shoulder. Dr. Winters Ordered An Injection For Pain and Scheduled Him For A Second Appointment Within Four (4) Weeks, From October 18, 2019.

Defendant HARIDAS, And William B. Betez, Acted With Deliberate Indifference To Plaintiff Hormachea's Serious Medical Needs And Acted In Consert And Partipation With CENTURION Health Services Of Florida When The Both Entered Fraudulent Medical Reports into Plaintiff's Medical On July 17, 2019 Showing That Nothing Was Wrong With The "Right" Shoulder and Makes No Mention Of Plaintiff's "Left Shoulder" See Exhibits ("II") & (III) Attached Hereto. Defendants "Betez" and "Haridus" Actions As Told To Plaintiff by Defendant Haridus, That This Type Of Operation Was Too Expensive and Headquarters Would Not Approve Such An Operation.

Shortly, Thereafter, The Plaintiff Was Transferred To Desoto Correctional Instutional Annex At Arcadia. Where He Still Suffers. Doctors And Other Medical Staff Personel Can be liable for consequences Of Their Own Acts and / Omissions if They Amount To Deliberate indifference. The United States Supreme Court Standard For Deliberate Indifference To Serious Medical Needs Constitutes Unnessary And Wanton Infliction.

CENTURION OF FLORIDA Health Services Inc. OF Floridas are liables As Supervisors OF Defendants "BETEZ And HARADIUS" Are Liable As Supervisors. Supervisor Liability Attaches when A Supervisor Encourages Or Condones A Constitutional Violation. Here, The Denial Of Plaintiff's Eighth Amendment Right To Medical Treatment And The Injury Occurred Stemming From A Fall In The Kitchen Area, As he Was Walking in a Puddle OF Water That Defendant Inch, Had The Responsibility To To Keep Safe For Inmates To Walk To And Fro From The Eating Area Of The Okeechobee Correctional Institution under The Depts. Care, Custody, And Control Violated His Rights To Said Protection.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.     What date and approximate time did the events giving rise to your claim(s) occur?

*July 11, 2019*

D.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

*Please See The Statement Of Facts.*
*attached.*

## V.   Injuries

*A Broken Left Shoulder Which Has Grown Back Improper Due To Deliberate Indifference Of Defendants.*

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

(a). *A Broken Left Shoulder, That Causes Great Continuous Pain When Moved A Certain Way, Which Disables Movement.*

(b). *Constant Pain Due To The lack Of Treatment*

(c). *Treatment: (3) Pks. Of Ibuprofin*

(d). *To This Very Date Because Of Defendant SHADIA's Initial Report Entered Into The Record That His Supervisors At Centurion Health Services Headquarters Would Not Allow Him To Send Plaintiff To An Orthopedic Surgeon To Determine Treatment At that Time To Purportedly Stop The Misgrowth Of The Bone In His Shoulder Steaming From The Fall In The Kitchen At Okeechobee Correctional Institution.*

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. *A Declaration That The Acts And Omissions*

①. *Alleged Herein Violated The Deliberate Indifference Standard To Plaintiff's Serious Medical Needs Constitute Unnecary And Wanton Infliction ;② That Mark S.Inch, As Secretary Of The Department of Corrections Violated His Responsibilities To Provide A Safe Place To Travel Within The Department, To and From Their Assignments, To Eat, Work, Etc. Without Having To Walk In Water And Insure Themselves As Complained Of Herein; (4). A Declaration That Centurion Health Services Of Florida Are Liable For Encouraging And Condoning Defendant's "BETC" And "HARDIUS" Not To *Diagnose Any Serious Surgeries Without Approval From Centurion Health Services Inc. Offices, Violated Plaintiff's Eighth Amendment Constitutional Rights To Medical Treatment For His Serious Medical Needs.*

⑤. *Compensatory Damages Of One Million $ 1.500.000.⁰⁰ Because Of D.O.C. failure To Provide A Safe Environment To Live Under The Requirements Of Care, Custody, And Control, That Caused His Broken untreated Left Shoulder.*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

(E) CONTINUED. (b) COMPENSATORY DAMAGES FROM DEFS. BETZ, HARADIUS AND CENTURION FOR DAMAGES
HE RECEIVED FROM THE DENIAL OF MEDICAL TREATMENT WHICH CAUSES CONSTANT PAIN WHEN BROUGHT TO USE IT OF $1.500,000.00
THE COSTS OF THIS LAW SUIT AND A TRIAL BY JURY ON ALL ISSUES OF FACT AND LAW.

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Okeechobee Correctional Institution
3420 - N.E. 168th Street
Okeechobee, Florida 34972-4824

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☑ Yes

☐ No

E.  If you did file a grievance:

1.  Where did you file the grievance?

Okeechobee
Correctional Institution
Okeechobee, FL.

7-25-19

2.  What did you claim in your grievance?

That I fell in a Puddle of Water in The Mess Hall on July 15, 2019 And insured my Left Shoulder, i

3.  What was the result, if any?

The Dr. Haradius, gave me Two Ibuprofin And sent me back to The Dorm. On July 15, 2019, I placed a 2nd Emergency Sick call in, The Dr. gave me (30) Ibuprofin for (90) Days And scheduled me For X-Rays on 7-7-19 Since That Time I have Not Seen A Doctor. See: Exhibit (2) Attached.

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

All Were Returned To me After I Was Transferred From Okeechobee C.I. To Desoto. This is A Continuing Pattern used by D.O.C. within Region (III) when an Inmate utilizes his/her Right to use The Grievance Procedure.

Page 7 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.   If you did not file a grievance:

   1.   If there are any reasons why you did not file a grievance, state them here:

   _____ Grievance Procedure was eltilized _____

   2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   _____ N/a _____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   _____ N/a _____

   *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s) _____ None _____
    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*
    _____

3.  Docket or index number
    _____

4.  Name of Judge assigned to your case
    _____

5.  Approximate date of filing lawsuit
    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition. _____ None _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____ None _____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment? No

☐ Yes

☑ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s)      None
    Defendant(s)  _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

3.  Docket or index number

4.  Name of Judge assigned to your case

5.  Approximate date of filing lawsuit

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition      No

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    None

**IV. Jury Demand**

Are you demanding a jury trial?    ✓ Yes    _____ No

Signed this _16TH_ day of _MAY_, 20_21_

_Hanoi Harmochen_

Signature of Plaintiff

I declare under penalty of perjury that the foregoing is truce and correct.

Executed on: _5 - 16 - 21_

_Hanoi Harmochen_

Signature of Plaintiff

Exhibit "1"

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

## INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: Okeechobee

| TO: (Check One) | ☐ Warden | ☐ Classification | ☑ Medical | ☐ Dental |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☐ Mental Health | ☐ Other |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Hormichea Hanoi | M26782 | A1-106 | U/m | 7-25-19 |

REQUEST  404-1907-0256                    Check here if this is an informal grievance ☑

On 7-11-19 I fell in The Dining hall, officer Diaz called a Medical emergency The Doctor gave me two Ihuprofen and sent me back to The dorm. On July 15, 2019 I placed a second medical emergency because of The pain, Doctor gave me 30 Ihuprofen for 90 days and scheduled me for X-rays on 7-17-19. Since Then I have not seen The doctor. And I cannot move my arm because of The pain. The doctor also on 7-11-19 ordered for me to receive an ointment and I have not received it yet.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): | DC#: M26782 |
|---|---|

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE                          DATE RECEIVED: _____

You have a scheduled appointment with the provider in the near future. Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _Approved_ .(Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): C. Iwuagwu, H.S.A. Okeechobee C.I. | Official (Signature): | Date: 7/29/19 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

**PART B - RESPONSE**

| HORMACHEA, HANOI | M56782 | 1910-209-107 | R.M.C.- WEST UNIT | H2102L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Hormachea, Hanoi DC# M56782       1910-209-107

CONFIDENTIALITY NOTICE:  This document may contain confidential and privileged information that is exempt from public disclosure. Any unauthorized review, use, disclosure, or distributions is prohibited.

Your formal grievance has been received, reviewed, and responded to.

It is the responsibility of your health care staff to determine the appropriate treatment regimen for the condition you are experiencing, including specialty consults, medication prescriptions, diagnostic testing, lab work, or passes. You have been evaluated by the specialist and a treatment place has been determined. Sick call is available should you have further concerns.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE (S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.


You are being treated in accordance with DC policy and procedure.
**********************
Your grievance is hereby denied.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form and providing attachments as required by 33-103.007, and forwarding your complaint to the Bureau of Policy Management and Inmate Appeals, 501 South Calhoun St. Tallahassee , FL 32399.

| R. Bassa MD, CCHP Medical Director RMC | | 11/4/19 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

NOV 25 2019

Department of Corrections
Inmate Grievance Appeals

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden   ☐ Assistant Warden   ☑ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Hormachea Hanoi | | | # M56782 | RMC-West Unit |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

Part A – Inmate Grievance

19-6-41389

Grievent is grieving his Formal Grievance #1910-209-107 that was filed at the institutional level (at RMC-West Unit on 10-20-19, and who received a response to on 11-8-19, from RMC Medical Director, R. Bassa MD, CCHP.

Grievent Now provides the facts and evidence concerning the case of the injury, and the lack of medical care and treatment for his broken arm, after(2) two medical emergencies were declared on behalf of the Grievent as follows:

1. While at Okeechobee C.I., Grievent slipped and fell on some water in the chow-hall and broke his right arm. Sgt. Diaz was working in the chow-hall at the time Grievent broke his arm, and called in a medical emergency to the medical clinic (O.C.I.) for the Grievent (There were No warning signs for the wet floor at the time Grievent fell). Grievent walked to O.C.I. Medical clinic, where Dr. Bhadja examined Grievents arm, indicating there was nothing broken and sent Grievent back to his dorm with (3) three packs of Ibuprofen. Grievent continued to suffer sever pain with his broken arm, and when he showed his arm to his housing Sgt. Mr. Diaz, Mr. Diaz immediately called in a medical emergency to the medical clinic on 7-15-19, because he seen Grievents arm was severly swollen.

| November 16, 2019 | Page I OF | | M56782 |
|---|---|---|---|
| DATE | | | SIGNATURE OF GRIEVANT AND D.C. # |

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _____ / _____

# ___ Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

RECEIVED AT

NOV 19 2019

RMC MAILROOM

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____ (Date)   Institutional Mailing Log #: 209-2056 _____ (Received By)

1910-209-107

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)   Incorporated by Reference in Rule 33-103.006, F.A.C.

## PART B - RESPONSE

| HORMACHEA, HANOI | M56782 | 2012-564-030 | DESOTO ANNEX | D2115L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED AND YOUR CHART HAS BEEN REVIEWED IN ORDER TO APPROPRIATELY ANSWER YOUR CONCERN.

BASED UPON REVIEW OF YOUR MEDICAL RECORD, THE LAST MEDICAL PASS IN YOUR MEDICAL RECORD FOR BLACK PROPET SHOES, SIZE 10 ½, EXPIRED ON 12/12/2020. IT IS ALSO NOTED THAT YOU ACCESSED SICK CALL ON 10/5/2020, REGARDING ORTHOPEDIC SPECIAL SHOES.  WHEN SEEN ON 11/20/2020, THE SICK CALL NURSE DOCUMENTED THAT YOU STATED HE BOOTS WERE RECEIVED IN 2016 AND WERE LOST IN TRANSPORT.  YOU CHART WAS REVIEWED BY YOUR PRIMARY HEALTH CARE PROVIDER, WHO FOUND NO MEDICAL INDICATION FOR ANY PASSES AT THIS TIME.  SINCE ARRIVING AT DESOTO ON 10/5/2020, THIS IS THE FIRST SICK CALL REQUEST SUBMITTED REGARDING THE NEED FOR MEDICAL SHOES.  IF YOU ARE EXPERIENCING PROBLEMS, HAVE FURTHER QUESTIONS OR CONCERNS, SICK CALL IS AVAILABLE SO THAT YOU MAY PRESENT YOUR CONCERNS TO THE HEALTH CARE STAFF.

GRIEVANCE DENIED AT THIS TIME.

YOU MAY OBTAIN FURTHER ADMINISTRATIVE REVIEW OF YOUR COMPLAINT BY OBTAINING FORM   DC1-303, REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, COMPLETING THE FORM, PROVIDING ATTACHMENTS AS REQUIRED AND FORWARDING YOUR COMPLAINT TO THE BUREAU OF POLICY MANAGEMENT AND INMATE APPEALS. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY.

R. Solorzano-Pallais, MD
Chief Health Officer
DeSoto C.I.

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 12·22·20 <br> DATE |

DEC 2 3 2020

11-28-2020.
Resibi. esto.

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden  ☐ Assistant Warden  ☐ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

| Hornachea, Hanoi | M56782 | RMC CWU |
|---|---|---|
| Last     First     Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

This grievance is filed pursuant to Chapter 33-103.006 F.A.C. This is a grievance of a medical nature. On July 11, 2019, I slipped and fell in the dining hall at Okeechobee C.I. injuring my left shoulder. Office Diaz, seeing that I was in much pain, declared a medical emergency and sent me to medical. Dr. Bhadja examined me and gave me Ibuprofen for the pain and sent me back to the dorm. Because of the pain, on July 15, 2019, I again declared a medical emergency. Dr. Bhadja prescribed 30 Ibuprofen for 90 days and scheduled an x-ray. I was scheduled an appointment to discuss the x-ray and was told by Dr. Bhadja that other than pain and bruising, nothing was wrong with my shoulder. On approximately October 2, 2019, I saw another doctor and because of my continued complaint of extreme pain she had me sign a consult sheet for an orthopedic here at RMC. On October 10, 2019, I was transferred to RMC for this appointment. On October 18, 2019, I had an appointment with Dr. Winters, and he had x-rays taken. After review of the x-rays, he showed me a broken bone in my left shoulder, gave me an injection and scheduled another appointment within 4 weeks. Dr. Bhadja's determination of nothing being wrong with my left shoulder constitutes deliberate indifference toward my serious medical condition. This was conducted to save the cost for the necessary treatment I am entitled to. The delay or denial of the necessary treatment in the name of cost prevention by Dr. Bhadja and Centurion constitutes deliberate indifference. Dr. Bhadja and Centurion's actions toward my serious medical condition violated the Cruel and Unusual Punishment clause of the Eighth Amendment to the United States Constitution.

Relief Sought: Dr. Bhadja and Centurion Health, Inc. of Florida must be instructed to provide any and all necessary medical treatment for my serious medical conditions before any serious implications occur that cannot be treated due to excessive delay.

| 10/28/19 | | M56782 |
|---|---|---|
| DATE | | SIGNATURE OF GRIEVANT AND D.C. # |

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**      _____ / _____
                                                                                                                                    #        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

|  | Receipt for Appeals Being Forwarded to Central Office | |
|---|---|---|
| Submitted by the inmate on: 10/21/19 | Institutional Mailing Log #: 1910-209-107 | |
| (Date) | | (Received By) |

Reception & Medical Center
Date: 10/21/19

DISTRIBUTION:
Initials: ___

| INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|
| INMATE (2 Copies) | INMATE |
| INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)                Incorporated by Reference in Rule 33-103.006, F.A.C.

**TridentCare Imaging**

## RADIOLOGY REPORT    ORIGINAL    

### THIS REPORT IS BASED SOLELY UPON THE RADIOGRAPHIC EXAMINATION. CORRELATION WITH THE CLINICAL EXAMINATION IS ESSENTIAL.

CONFIDENTIALITY NOTICE: This facsimile (including any accompanying documents) is intended for the use of TridentCare Imaging or the use of the named addressee(s) to which it is directed, and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee(s) or person(s) authorized to deliver it to the named addressee(s). If you received this facsimile in error, please report the error by calling the TridentCare Imaging Privacy Office toll free at 866.686.1717, and providing your name, telephone number and the date. Once you have reported the error, someone from the Privacy Office will contact you within one business day. They may ask you to fax back the information you received so that the company can correct its records and prevent further miscommunication. Please keep the information in a secure place until you are contacted by the Privacy Office and complete the return of the information to that office. Once this is done, please destroy all copies of the mistakenly sent information, without forwarding it. Thank you for your cooperation.

Facility: RMC - MAIN AND HOSPITAL - 46332
    7765 S COUNTRY RD 231
    LAKE BUTLER, FL 32054-5721

DOS: 10/18/2019
Case: 31053497

Patient: HORMACHEA, HANOI
Number: M56782

DOB: 08/04/1978    Age: 41
Room: MED (SPECIAL CLINIC)

Examination:

HUMERUS MINIMUM 2V, RIGHT
Comparison: 7/17/2019

Results: There is no radiographic evidence of acute fracture. There are no gross lytic or blastic lesions in the bones. There is no dislocation. There is an old fracture of the proximal right humerus.

Conclusion: There is no radiographic evidence of acute disease in the right humerus. The exam is overall improved compared with prior.

Electronically signed by WILLIAM B BETZ, M.D. 10/18/2019 10:07:53 AM EDT.

RECEIVED
OCT 18 2019
RMC RADIOLOGY

Radiologist:    Date:  10/18/2019    Time:  10:07am ET

E. Jean Baptiste, MD
Physician
RMC

OK TO FILE
M.D. INITIAL
PULL CHART
FOLLOW UP    DATE 10/24/19
_____ DATE

WILLIAM BETZ, MD/LE
RADIOLOGIST
Physician: THOMAS WINTERS, MD

South East Region
13773 ICOT BLVD
CLEARWATER, FL 33760
800.940.0389

If you have questions or would like to consult with a Rely Radiologist please call 972-468-3590



# FLORIDA DEPARTMENT OF CORRECTIONS
## Chronological Record of Health Care

Allergies: NKDA

| DATE/TIME | |
|---|---|
| 6/7/19 9:00am | Inc note: I/M to medical sick call Request. Status of eye exam. Chart Reviewed. followed up c̄ medical record on appointment status. I/M Advised to await on upcoming appointment. Heal education given. Advised to return to medical PRN, verbalied Understan ———— M. Oliver Romulus, L.P. Okeechobee C |
| 7/11/19 1540 | Inc. Note: EMID DC4-683 HH completed. eRomulus |
| 7/15/19 1030 | INC Note: EMID DC4-683 HH completed. Refer to MD. — Officein |
| 7/15/19 | INC Note: Bruising and pain RUE ———— Officein Wt. 233 T-98⁴ BP. 132/80 P-58 R-18 |

Inmate Nam 0-M56782 TM31 02/21/07
DC#_____ HORMACHEA, HANOI
Date of Birt W/M DOB 08/04/1978 (39)
Institution_

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E- Education

DC4-701 (Effective 4/8/10)     Incorporated by Reference in Rule 33-602.210

# U.S. MEDICAL GROUP
## SURGICAL PATIENT DISCHARGE PLANNING SUMMARY

Date: 6-5-20

Patient's Name: _____  Inmate N

Operative Procedure: _____

NAME: HORMACHEA , HANOI
DC#: M56782      W/M
DOB: 08/04/78  AGE: 41

## POSTOPERATIVE INSTRUCTIONS:

**YOU ARE URGED TO FOLLOW CAREFULLY THE INSTRUCTIONS WHICH ARE CHECKED ON THIS SHEET.**

✓ Observe operative site for excessive bleeding. (Slow general oozing that saturates the dressing completely or frank bright red bleeding.) In either case apply pressure to the area, elevate it if possible and go the the E.R.

✓ Observe operative site for signs of infection:
  Increased temp. ↑ 101
  Increased pain
  Redness
  Swelling
  Foul Odor or drainage.
  If these symptoms appear go to the E.R. immediately.

__ Apply ice to operative site x's _____ hrs.

__ No activity.

__ Avoid sneezing or blowing nose.

__ If any problems occur please go to the Medical Personnel or OPC immediately. It is your responsibility to follow discharge instructions

✓ Follow-up appointment.

✓ Observe affected extremity for circulation or nerve impairment:
  Change in color
  Numbness or tingling
  Coldness
  Increased Pain
If these symptoms persist go to the E.R. Immediately.

✓ Keep operative area clean and dry. Do not remove dressing unless instructed to do so by physician.

__ Keep operative site elevated for 12-24 hours on extra pillow

__ May change nasal drip pad as needed.

__ Take sitz baths ____x's daily and after each bowel movement.

__ Keep operative site dry.

If any problems occur or if you have any further questions, please tell Medical Personnel immediately. It is your responsibility to follow your physician's instructions and those above.

**OTHER INSTRUCTIONS FOR FOLLOW-UP CARE:** ① Pain medication avail.
② Sling to ℞ UE for comfort
③ May remove dressing Monday + Shower
④ Recommend 2nd pillow behind ℞ arm

Witness: _____  Patient: _____



September 30, 2020

Hormachea, Hanoi (M56782)
Reception and Medical Center (RMC) - MAIN UNIT
Post Office Box 628
Lake Butler, FL
32054

Dear Hanoi Hormachea,

Centurion values your privacy rights.  We are sending this letter to inform you of an incident involving the privacy of your protected health information.

On April 24, 2020 some of your medical information was included in an email sent by a medical staff member from the facility to their personal email account. This information was then provided to another in-network medical provider of Centurion.

This information included your Name, housing facility and type of X-Ray performed on you on July 17, 2019.

Centurion investigated the incident and has ensured that your information has been removed from the external email account.

In addition, steps were taken to sanction the workforce member and we have increased the security of our systems. This will significantly reduce the risk of an incident like this occurring again in the future.

While we have no reason to believe that your Information has been further used improperly, we are providing this notice to ensure you are aware of the incident.

Centurion is committed to protecting the privacy of our patients.  If you have questions relating to this matter please contact us at the phone number below, and ask for the Compliance Department.

Sincerely,

Ruth Feltner, Program Director
Centurion of Florida
Toll Free: 1 (877) 957-8134

Exhibit (1)
Page 8

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Hormachea, | Hanoi | | M56782 | RMC W/U |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

This grievance is filed pursuant to Chapter 33-103.006 F.A.C. This is a grievance of a medical nature. On July 11, 2019, I slipped and fell in the dining hall at Okeechobee C.I. injuring my left shoulder. Officer Diaz, seeing that I was in much pain, declared a medical emergency and sent me to medical. Dr. Bhadja examined me and gave me Ibuprofen for the pain and sent me back to the dorm. Because of the pain, on July 15, 2019, I again declared a medical emergency. Dr. Bhadja prescribed 30 Ibuprofen for 90 days and scheduled an x-ray. I was scheduled an appointment to discuss the x-ray and was told by Dr. Bhadja that other than pain and bruising, nothing was wrong with my shoulder. On approximately October 2, 2019, I saw another doctor and because of my continued complaint of extreme pain she had me sign a consult sheet for an orthopedic here at RMC. On October 10, 2019, I was transferred to RMC for this appointment. On October 18, 2019, I had an appointment with Dr. Winters, and he had x-rays taken. After review of the x-rays, he showed me a broken bone in my left shoulder, gave me an injection and scheduled another appointment within 4 weeks. Dr. Bhadja's determination of nothing being wrong with my left shoulder constitutes deliberate indifference toward my serious medical condition. This was conducted to save the cost for the necessary treatment I am entitled to. The delay or denial of the necessary treatment in the name of cost prevention by Dr. Bhadja and Centurion constitutes deliberate indifference. Dr. Bhadja and Centurion's actions toward my serious medical condition violated the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution.

Relief Sought: Dr. Bhadja and Centurion Health, Inc. of Florida must be instructed to provide any and all necessary medical treatment for my serious medical conditions before any serious implications occur that cannot be treated due to excessive delay.

| 10/28/19 | | M56782 |
|---|---|---|
| DATE | | SIGNATURE OF GRIEVANT AND D.C. # |

---

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

_____ / _____
#          Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Submitted by the inmate on: 10/21/19
(Date)

Receipt for Appeals Being Forwarded to Central Office

Institutional Mailing Log #: 1910-209-107

_____ (Received By)

Reception & Medical Center
DISTRIBUTION:
Date: 10/21/19
Initials: ___

| INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|
| INMATE (2 Copies) | INMATE |
| INMATE'S FILE | INMATE'S FILE - INSTITUTION./FACILITY |
| INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)        Incorporated by Reference in Rule 33-103.006, F.A.C.

Received
DEC 07 2020
Assistant Warden
Office

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden   ☑ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| HANoi HormacheA | MS6782 | DeSoto Anney |
|---|---|---|
| Last      First      Middle Initial | DC Number | Institution |

2012-564-028

**Part A – Inmate Grievance**

I wrote informal grievance on November 2nd 2020 Tuesday, And Have Not Had A response back as of yet; Going to Next step Im grievacing A letter Centurions program Director sent me A Ruth Feltner About my private medical information that a employee of Centurion sent to their email- I sent in A copy of that letter in the informal- I will Not send Another copy, till I get copy from lAw Library, Im grievacing the, the incident in taking of my protected Heath information, being it should Not have occured, It's been over 30 days And I have Not gotten A response on my first informal on this complaint please investigate.

| December 6th 2020 | [signature] MS6782 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ____ / ____

Medical                                                                                    #        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: _____   Institutional Mailing Log #:_____   _____
                                      (Date)                                                                                  (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)                          Incorporated by Reference in Rule 33-103.006, F.A.C.

**PART B - RESPONSE**

| HORMACHEA, HANOI | M56782 | 2012-564-100 | DESOTO ANNEX | D21 |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED AND YOUR CHART HAS BEEN REVIEWED IN ORDER TO APPROPRIATELY ANSWER YOUR CONCERNS.

BASED UPONN REVIEW OF YOUR MEDICAL RECORD, YOU ARRIVED AT DESOTO ON 10/5/2020, SUBMITTING A SICK CALL REQUEST ON THE SAME DAY, REQUESTING ORTHOPEDIC SHOES.  WHEN YOU WERE SEEN BY THE SICK CALL NURSE, IT IS DOCUMENTED THAT YOU HAD RECEIVED BOOTS IN 2016, WHICH, YOU STATED, WERE LOST IN TRANSPORT.  ON 2/23/2020, THE HEALTH CARE PROVIDER AT RMC DOCUMENTED THAT THERE WAS NO MEDICAL INDICATION FOR MEDICAL SHOES AT THAT TIME AND DISCONTINUED THE SHOE PASS.  IT IS ALSO DOCUMENTED THAT YOUR LOW BUNK PASS EXPIRED ON 7/6/2020.  ON 12/02/2020, THERE IS A NOTE IN YOUR MEDICAL RECORD, THAT THERE IS NO PRESENT INDICATION FOR ANY PASSES AT THIS TIME.  ON 12/6/2020, YOU SUBMITTED A SICK CALL REQUEST FOR PASSES AND PAIN MEDICATION, FOR WHICH YOU SIGNED A REFUSAL TO BE SEEN ON 12/18/2020.  IF YOU ARE EXPERIENCING PROBLEMS, SICK CALL IS THE PROPER PROCEDURE TO BE ASSESSED BY THE HEALTH CARE STAFF, SO THEY CAN DETERMINE IF FURTHER TREATMENT IS NEEDED.  IT IS THE RESPONSIBILITY OF YOUR HEALTH CARE STAFF TO DETERMINE THE APPROPRIATE TREATMENT REGIMEN FOR THE CONDITION YOU ARE EXPERIENCING AT THE TIME OF ASSESSMENT, WITH VERIFIED COMPLAINTS, INCLUDING SPECIALITY CONSULTS, MEDICATION PRESCRIPTIONS, DIAGNOSTIC TESTING, LAB WORK, PASSES AND/OR MEDICAL SUPPLIES.

GRIEVANCE DENIED AT THIS TIME.

YOU MAY OBTAIN FURTHER ADMINISTRATIVE REVIEW OF YOUR COMPLAINT BY OBTAINING FORM   DC1-303, REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, COMPLETING THE FORM, PROVIDING ATTACHMENTS AS REQUIRED AND FORWARDING YOUR COMPLAINT TO THE BUREAU OF POLICY MANAGEMENT AND INMATE APPEALS. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY.

R. Solorzano-Pallais, MD
Chief Health Officer

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 1-6-21 DATE |
|---|---|---|

Mailed
Desoto CI

JAN 0 7 2021

Assistant Warden's
Office

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Receive
Desoto

DEC 21 20

Assistant Ward
Correction

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☒ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or IF **Alleging Sexual Abuse**, on the behalf of:

_Hormachea  Hanoi_ _____  _M56782_  _Desoto Annex_
Last    First    Middle Initial    DC Number    Institution

_2012-564-100_

---

Part A – Inmate Grievance

on December 18th 2020 I went to medical and was told by R.N
Jackson that Chief medical officer Dr. Sobrzano Refused
to give me proper medical treatment by refusing to
Re-issue my Bottom Bunk pass and pass for Propet
Shoes and compression stockings. And Also to been
re-order my Propet medical Boots. I have Already DiAgNoseD
by A Department of Corrections physician As Needing
medical Boots due to my Deformity in Left foot See
Attached Exhibits and Existing Bottom Bunk pass. The
Supreme Court has ruled under civil Rights 8th Amendment to
U.S.C. A serious medical condition is one that has been DiAgNoseD
by A physician is a serious condition. Your D.O.C physician
has DiAgNoseD my medical conditions As Needing treatment
Dr. Sobrzano refuses to re-issue me these pre-viously
issued passes and medical Boots. In my medical File it
shows severe Back problems - hyrniated Disc and Deformity
in lower left foot and Dr Solorzano refuses to give me
proper medical care violating my rights to Adequate medical
treatment under 8th Amend. To cruel and unusual treatments.
Remedy is to Re-issue my Low bunk pass - boot pass and
re-order my ̶p̶r̶o̶ propet medical Boots along with compression
stockings and my pain medications for these medical
conditions.

Dec. 18 2020
DATE

_____
SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ____ / ____
# Signature

_Medical_

**INSTRUCTIONS**

Exhibit 5

**FLORIDA DEPARTME◯OF CORR**
**HEALTH SLIP/PASS**

The below-named inmate is authorized for

☐ **Bed rest lay-in**       From _____ To ____
☑ **Low/bottom bunk**    From 3/26/2⌐ To ____
☐ **No shave**              From _____ To ____
☐ **Restricted activity**  From _____ To ____
☐ **Restrictions:** _____

_____

_____

☑ **Other:**              From 3/26/20 To ____
Compression Stockings
Profet Shoes Black 10

Inmate HoRmachea, Haroi        K. Leve
DC# N 56788        R/S WhM   AuthorizaAPRN
Date of Birth 8-4-78        by: b·L  RMC
Institution RmClu/W        (Initial & Name)
                           Date: 3/2⌐

**Health Slip/Pass**
**DC4-701D (2/96)**       White/Medical  Yellow/Security  Pink

---

Inmate Name HoRmachea, Haroi
DC# M56788 Race/Sex H/M
Date of Birth 8-4-78
EOS DATE:
DC4-702 (Revised 8/8/13) Page 1 of 2

This form is not to be amend~ revised, or altered without approval of the Direc~ of Health Services Administration.

APPROVED/ATP
DATE:

